UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Lucas,                                          Civil No. 06-1399 (DSD/JJG)

      Petitioner,

v.                                                      **REPORT AND RECOMMENDATION**

Marty Anderson, Warden,
FMC Rochester,

      Respondent.

JEANNE J. GRAHAM, United States Magistrate Judge

    The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) and Petitioner's Motion for Summary Judgment (Doc. No. 11). At the time of the Petition, William Lucas[1], a D.C. Code prisoner, was confined in the Federal Medical Center in Rochester, Minnesota. Petitioner Lucas brings his Petition for a Writ of Habeas Corpus to challenge the U.S. Parole Commission's decision to reparole him on December 1, 2006, following an uncontested revocation of his parole. This matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

    Petitioner Lucas claims the Parole Commission has failed to properly credit the time the Commission is requiring him to serve on his parole violation. Mr. Lucas contends he is entitled to a credit for the time that he spent in local custody on a separate narcotics charge, for which he was eventually acquitted. Mr. Lucas is not challenging the Parole Commission's decision to revoke his parole or the

---

[1] The Prisoner Registration Number of Petitioner Lucas is 06768-007.

Commission's determination that he serve a twelve month sentence for the parole violation before he can be reparoled. He only challenges the deprivation of his liberty due to the Commission's failure to credit his time in state custody.

The Government asserts, and the Bureau of Prison documents submitted by the Government show, that Mr. Lucas received credit for 258 days of jail time towards the calculation of the balance of his original twenty-one year sentence, as required under D.C. Code 24-431(b), and that the credit represents the time Mr. Lucas spent in local custody in 2005 on the state charges of distribution of heroin. After serving his twelve-month sentence for the parole violation, Mr. Lucas was reparoled and released from federal custody on December 1, 2006. Thus, the Court must now determine whether the petition filed by Mr. Lucas is moot.

The exercise of judicial authority requires the presence of a case or controversy. U.S. Const. art. III, § 2, cl. 1. One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (emphasis added). The only exception to the redressibilty requirement is where "some concrete and continuing injury . . . some 'collateral consequence' of the conviction" is present. *Id.*

Where a prisoner is in custody at the time a petition for a writ of habeas corpus is filed, but that prisoner is released prior to a decision on the petition, the petition is not necessarily moot. A court must then inquire whether the prisoner suffered any adverse collateral consequences as a result of the prior custody. If a petition only challenges the confinement and does not attack the underlying conviction, then no adverse collateral consequences arise. *See Leonard v. Nix*, 55 F.3d 370, 372-73 (8th Cir. 1995).

The only relief Mr. Lucas seeks here is immediate release from custody on the grounds that he has completed his sentence for the parole violation when the 258 day credit for local jail time is calculated into the twelve-month sentence imposed by the Commission. Since Mr. Lucas has now been released from federal custody, it is not possible for this Court to grant Mr. Lucas the relief he seeks in his petition. Additionally, because Mr. Lucas has not challenged the conviction that led to his confinement, the dismissal of his petition causes no adverse collateral consequences. It is appropriate, therefore, that Mr. Lucas's Petition for a Writ of Habeas Corpus and Motion for Summary Judgment both be denied as moot since a more favorable decision on the merits would not entitle Petitioner to any additional relief.

### III.   CONCLUSION

Based upon the foregoing, and the submissions of the parties, the file and the entire record, **IT IS HEREBY RECOMMENDED** that:

(1)   Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DENIED as MOOT**;

(2)   Petitioner's Motion for Summary Judgment (Doc. No. 11) be **DENIED as MOOT**; and

(3)   This matter be **DISMISSED**.


Dated: January 11, 2007                             s/Jeanne J. Graham

                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by January 31, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.